UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
-----------------------------------------------------------------------x
Samantha Solano

                                   Plaintiff,

Case No:

**COMPLAINT**

    -v.-

Stellar Recovery, Inc.

                                  Defendant.
-----------------------------------------------------------------------x

Plaintiff Samantha Solano ("Plaintiff") by and through her attorneys, RC Law Group, PLLC as and for her Complaint against Defendant Stellar Recovery, Inc. ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq*. and 28 U.S.C. § 2201.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

3. Plaintiff brings this action for damages arising from the Defendant's violation(s) of 15 U.S.C. § 1692 *et seq*., commonly known as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

4. Plaintiff is a resident of the State of Colorado, County of Jefferson, residing at 9395 W Colfax Avenue, #2, Lakewood, CO 80215.

5. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with an address at 4500 Salisbury Road, Suite 105, Jacksonville, Florida, 32216.

1

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

7. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

8. The Alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. On or around October 12, 2015 the Plaintiff received a collection letter from the Defendant.

10. The letter stated "Century Link is subject to certain IRS reporting requirements for debt forgiveness exceeding 600.When required, Century Link will report debt forgiveness on form 1099C"

11. This statement is both false and deceptive as there are many factors which make up the requirement to file a 1099C. (See Good v. Nationwide Credit, Inc., finding that the statement "American express is required to file a form 1099C with the Internal Revenue Service for any canceled debt of $600 or more. Please consult your tax advisor concerning any tax questions," is not true and does not accurately reflect the relevant law. The court also found that the statement's invocation of the IRS was deceptive and materially misleading.)

12. This letter does not indicate how much of the current debt is interest and how much is principal.

13. The letter fails to disclose to consumers that there is a distinction between principal and

interest in regards to IRS requirements.

14. Most importantly this debt is less than $600 so these tax warnings have no place on this letter and only act to overshadow the impact of attempting to settle the matter for less than what is owed.

15. Finally using the IRS language on the letter is deceptive to least sophisticated consumer in regards to potential involvement and coerces payments.

16. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

18. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692f, and 1692f(1).

19. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

    a)     For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

    b)     For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c)     For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

  d)  For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

DATED, this 18th day of May, 2016

                */s/Yaakov Saks*
                Yaakov Saks
                **RC Law Group, PLLC**
                285 Passaic Street
                Hackensack, NJ 07601
                Tel. 201-282-6500 ext. 101
                Fax 201-282-6501
                ysaks@rclawgroup.com
                *Attorneys for Plaintiff*